UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IVCi, LLC

                                 Plaintiff,                        Civil Action No.: 18-CV-_____

    -against-

ROBERT MATHEWS, AVI SYSTEMS, INC.
and HERBERT H. BUSCH a/k/a BRETT BUSCH,

                               Defendants.
------------------------------------------------------------X

## **COMPLAINT**

Plaintiff, IVCi, LLC, ("Plaintiff' or "IVCi") alleges, upon information and belief, the following for its Complaint against ROBERT MATHEWS ("MATHEWS"), AVI SYSTEMS, INC. ("AVI"), and HERBERT H. BUSCH a/k/a BRETT BUSCH ("BUSCH"), collectively the ("Defendants").

## **THE PARTIES**

1. Plaintiff is a New York State limited liability company with its principal place of business located at 601 Old Willets Path, Hauppauge, New York.

2. Defendant, MATHEWS is a citizen of the State of Georgia residing at 1726 Rose Hedge Way NW, Kennesaw, Georgia 30152. MATHEWS is a former employee of IVCi, and a current employee of Defendant, AVI. MATHEWS has committed tortious acts within the State of New York and in this District.

1

3. Defendant, AVI is a foreign corporation incorporated under laws of the State of North Dakota with its principal place of business located at 9675 W 76th, Suite 200, Eden Prairie, MN 55344. AVI has committed tortious acts within the State of New York and in this District. AVI's Registered Agent for service of process is CT Corporation System, Inc., 120 West Sweet Avenue, Bismarck, ND 58504-5566

4. Defendant, BUSCH is a citizen of the State of California residing at 91 Fawn Place, Danville, CA 94526-5601. BUSCH is a former employee of IVCi, and a current employee of Defendant, AVI. BUSCH has committed tortious acts within the State of New York and in this District.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1332(a)(l) based upon diversity of citizenship and because the matter in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. Section 1332.

6. This Court has personal jurisdiction over the parties because the Plaintiff has its principal place of business in this District. The Defendant, MATHEWS has contracted with Plaintiff and irrevocably submits to the jurisdiction and venue of this Court. Moreover, MATHEWS has committed tortious acts with this State and the District. The Defendant, AVI and BUSCH have committed tortious acts within this State and this District for personal jurisdiction to be consistent with the U.S. Constitution and New York Civil Practice Laws and

Rules Sections 301 and 302.

7. Venue is proper under 28 U.S.C. 139l(b) and (c) because a substantial part of the events giving rise to the claims in this case occurred in this District, Plaintiff has its principal place of business in this District and Defendants have either contracted for venue in this District or committed tortious acts within this District.

## FACTUAL BACKGROUND

8. IVCi is a leading technology systems integrator. For over twenty years, IVCi has delivered audio visual integration, unified communications, video voice, and cloud services to thousands of companies both private and public, as well as, the US federal government. IVCi has offices in New York, New Jersey, Connecticut, Pennsylvania, Maryland, Washington D.C., North Carolina, Georgia, Illinois, Utah, Texas, and California. Today, IVCi has approximately 175 employees and more than $70 Million dollars in annual revenue delivering audio visual integration and communications for its customers throughout the United States in the fields of business, education, health care and government. For a more detailed description of IVCi, please see its website located at www.ivci.com.

9. MATHEWS commenced his employment with IVCi in September, 2012 in the position of Senior Sales Engineer. In consideration of his continued employment, on November 4, 2016, MATHEWS signed IVCi's Employee Confidentiality & Non-Compete Agreement ("Employment Agreement"). A copy of the Agreement is annexed hereto as **Exhibit A.**

10. Defendant, MATHEWS was a valuable and an experienced employee with over fifteen years of international and domestic experience in project design engineering, project

3

sales and account management. A copy of MATHEWS' resume is annexed hereto as **Exhibit B.**

11. In January, 2018, he was offered and accepted a promotion to Strategic Account Manager at an initial annual base salary of One Hundred Thousand ($100,000.00) Dollars operating from the IVCi's Atlanta, GA offices. A copy of the Offer Letter is annexed hereto as **Exhibit C.**

12. As a Strategic Account Manager, MATHEWS was responsible for the development of new business, sales of products and services, development of price quotations and bid responses and overall management of the projects assigned to him including, but not limited to, customer satisfaction.

13. On July 6, 2018, resigned his employment with IVCi, and shortly thereafter commenced employment with the Defendant, AVI, a direct competitor of IVCi.

14. The Defendant, AVI holds itself out as a technology company offering integration, installation, servicing and support of videoconferencing solutions to customers in business, education, health care and the government throughout the United States. AVI operates regional offices in Georgia, Ohio, Illinois, Iowa, Michigan, Wisconsin, Missouri, Nebraska, South Dakota, North Dakota, Colorado, Texas Kansas, Minnesota, and California. For a more detailed description of AVI, please see its website located at www.avisystems.com.

15. Defendant, AVI is a direct competitor of IVCi operating in the same technology space and geographic footprint (Georgia, Illinois, Texas and California).

16. Pursuant to the IVCi Employment Agreement, MATHEWS agreed, among other things, to (a) maintain the confidence of the IVCi's Confidential Information, and (b) during

his employment and for a one-year period thereafter, not to solicit customers of IVCi.

    17.    Specifically, Section 1 of the Employment Agreement states:

        1.1   *As used herein, the term "Confidential Information" means all information relating to IVCi and any of the Company's customers, operations, products, sales, finances, trade secrets, and business, including without limitation any information encompassed in any reports, investigations, customer lists (whether or not written) and customer information, business plans and business relationships, information about Company's suppliers and vendors, pilot projects, research or developmental work, experimental work, work in progress, drawings, designs, plans, proposals, bids, requests for proposals, codes, marketing and sales programs, financial projections, financial data including sales and pricing information and all other financial data, cost summaries, pricing formula and trademarks, service marks, and all concepts or ideas, materials or information, owned possessed or controlled or related to the business of the Company, regardless of whether same may be possessed or developed by EMPLOYEE in the course of his employment or otherwise. Confidential Information also includes, without limitation, all information EMPLOYEE receives from third parties in the course of EMPLOYEE'S employment which is provided to EMPLOYEE in connection with EMPLOYEE'S duties for the Company. EMPLOYEE acknowledges and agrees that any and all Confidential Information of the Company learned by EMPLOYEE during the course of employment by Company or otherwise, and all proprietary materials of the Company, whether developed by EMPLOYEE*

5

*alone or in conjunction with others or otherwise, shall be and is the sole property of Company.*

1.2 *EMPLOYEE agrees that at all times while employed by IVCi, as well as, after EMPLOYEE's separation of employment, whether voluntary or non-voluntary, with or without cause, not to use or disclose to any third-party, either directly or indirectly, the Confidential Information and proprietary materials of the Company without the prior written consent of the Chief Executive Officer of IVCi.  EMPLOYEE is to protect same from disclosure and treat same as strictly confidential.*

1.3 *Upon EMPLOYEE's separation of employment with IVCi, EMPLOYEE shall promptly deliver to the Company all materials, property, documents, data and other information and proprietary materials belonging to Company or pertaining to Confidential Information.  EMPLOYEE shall not take or retain same, or any reproductions or excerpts thereof, belonging to the Company or containing or pertaining to any Confidential Information.  See* **Exhibit A.**

18. Moreover, Section 2 of the Employment Agreement states, in pertinent part:

1.4 *As a material inducement to the Company to enter into this Agreement and to employ the EMPLOYEE, EMPLOYEE agrees that EMPLOYEE shall not, during the term of EMPLOYEE's employment by the Company and for a period of one (1) year following cessation of such employment, do any of the following, directly or indirectly, without the prior written consent of the Company:*

a) *Influence or attempt to influence any person to either (i) terminate or modify his/her employment with the Company, (ii) solicit for employment any person employed by the Company, or (iii) employ, or otherwise retain the services of any person employed by the Company;*

> b) *Influence or attempt to influence a supplier, vendor or customer, including, without limitation, any individual or corporate customer of the Company or any other person or entity with whom the Company shall have dealt, to terminate or modify any written or oral agreement or course of dealing with the Company, or any of its employees, including soliciting employment for oneself; or*
>
> c) *Influence or attempt to influence a supplier, vendor or customer, including, without limitation, any individual or corporate customer of the Company, any recipient of the Company's products, or any other person or entity with whom the Company shall have dealt, for the purpose of offering or selling any products or services which are identical, substantially similar or comparable to the services or products offered by the Company.*
>
> 1.5 *EMPLOYEE acknowledges and agrees that: (i) this Section 2 is necessary for the protection of the legitimate business of the Company; (ii) the restrictive covenants set forth in this Section 2 are reasonable and valid in geographical and temporal scope and in all other respects; and (iii) EMPLOYEE has received adequate consideration for the execution, delivery and performance of this Agreement.* See **Exhibit A.**

19. Lastly, immediately above the signature of MATHEWS appears the following notice, in capital letters, in the Employment Agreement:

> *"EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS READ, REVIEWED AND HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT PRIOR TO EXECUTING IT AND UNDERSTANDS THAT EMPLOYEE HAS THE RIGHT TO RESCIND THE AGREEMENT WITHIN THIRTY DAYS OF EXECUTING IT BY RESIGNING FROM HIS/HER EMPLOYMENT AND THAT*

7

*CONTINUING IN EMPLOYMENT BEYOND THIRTY DAYS SHALL CONSITITUTE EMPLOYEE'S RATIFICATION OF THE AGREEMENT."*

20. Notwithstanding the terms and condition of the IVCi Employment Agreement, and in total disregard for the adverse effect it would have on the legitimate business interests of IVCi, MATHEWS elected to blatantly breach the terms and conditions of the Employment Agreement by accepting employment as an "Enterprise Account Manager" assigned to the Atlanta, Georgia office of AVI, a direct competitor of IVCi, doing business in the same location he was assigned to by IVCi and the same geographic footprint of IVCi's customers – Southeastern, United States.

21. Prior to MATHEWS' departure from IVCi, he had been working with and was in the process of submitting proposals for a new communications theater design for one of IVCi's customers – Mission Health Systems of North Carolina.

22. On July 6, 2018 MATHEWS had emailed representatives at Mission Health Systems regarding the "Glenn Theater Design Deliverables" attaching IVCi confidential and proprietary drawings consisting of:

- 3D model download and project files for the Glenn Theater Design;
- 3D Animation download which was password protected;
- Technology Refresh Overview with 3D Renderings;
- CAD Plans Issued For Review; and
- The Glenn Theater Design Report.

See **Exhibit B.**

23. Shortly after MATHEWS' departure from IVCi, Henry "Trey" Ore, III, Vice President of Sales (Central & Southeast Regions) at IVCi, and MATHEWS former supervisor,

reached-out to Sean Morrison, a representative of Mission Health Systems of North Carolina ("Mission Health Systems"), to follow-up on the Glenn Theater project. Much to Mr. Ore's surprise, Mr. Morrison announced that Mission Heath Systems was no longer interested in moving forward with IVCi on the project. When questioned as to the reason for this sudden and unexpected change in course, Mr. Morrison advised it was due to MATHEWS' departure from IVCi and that Mission Health Systems would be continuing the project with anther vendor - presumably the Defendant, AVI, MATHEWS new employer.

24. Another example of MATHEWS breaching his Employment Agreement involves one of IVCi's national account clients - Ernst & Young. During his employment with IVCi, MATHEWS had pursued and successfully secured business with Ernst & Young. Following MATHEWS' departure from IVCi, Mr. Ore once again followed-up with this valuable IVCi client to service the account. At the time, Ernst & Young's New York City offices had been in negotiations with IVCi to provide audiovisual equipment preventative maintenance and repair services with an annual value of approximately $750,000. On or about September 5, 2018, Mr. Ore received a communication from a representative at Ernst & Young looking for a reduced minimum hourly service call billing rate. Upon information and belief, MATHEWS and his new employer, the Defendant, AVI, had improperly solicited business from Ernst & Young using IVCi confidential information. Indeed, IVCi had already lost its Ernst & Young Atlanta, Georgia based business to AVI, as a direct result of MATHEWS and AVI's unlawful conduct and unfair business practices.

25. Defendant, BUSCH was formerly employed by IVCi. From November, 2001 through October, 2012 he served in the capacity of Vice President Strategic Accounts. From December, 2014 through February, 2018 he served in the capacity of Vice President of Sales-

West Coast. Presently, Defendant BUSCH is employed by the Defendant AVI as Regional Sales Manager, a position he has held since February 2018.

26. As a former Vice President of IVCi, BUSCH is acutely aware of the fact that all of IVCi's senior personnel, including Regional Sales Managers such as MATHEWS' sign employment agreements which contain confidentiality and reasonable non-solicitation and non-compete covenants to protect the legitimate business interests of IVCi. Upon information and belief both BUSCH, and in turn AVI, had knowledge of Defendant, MATHEWS Employment Agreement. Upon information and belief, Defendants, BUSCH and AVI unlawfully interfered with IVCi's employment relationship with MATHEWS and aided and abetted MATHEWS in breaching the terms and conditions of his Employment Agreement.

## **FIRST CAUSE OF ACTION**

### (Breach of Employment Agreement- Non-Compete)

27. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through and including "26", with the same force and effect as if more fully set forth at length.

28. Based on the foregoing, Defendant, MATHEWS has violated and breached the terms and conditions of his Employment Agreement in that, among other things, within one-year of the date of his separation of employment from IVCi, he accepted employment with AVI, a direct competitor of IVCi, which breach has, and will continue to cause damages to IVCi.

29. That as a result of the foregoing, IVCi has been damaged in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars.

## SECOND CAUSE OF ACTION

### (Breach of Employment Agreement - Non-Solicit)

30. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through and including "29", with the same force and effect as if more fully set forth at length.

31. Based on the foregoing, Defendant, MATHEWS has violated and breached the terms and conditions of his Employment Agreement in that, among other things, within one-year of the date of his separation of employment from IVCi he engaged in conduct to unlawfully solicit, induce, persuade and entice current clients and customers of IVCi to modify and/or terminate their agreements and business relations with IVCi and to seek and accept business with the Defendant, AVI, a direct competitor.

32. That as a result of the foregoing, AVI has been damaged in a sum not less than Seventy Five Thousand ($75,000.00) Dollars.

## THIRD CAUSE OF ACTION

### (Breach of Duty of Loyalty)

33. The Plaintiff repeats, reiterates and realleges each and every allegation contained above in paragraphs "1" through and including "32", with the same force and effect as if more fully set forth herein.

34. That the Defendant, MATHEWS owed IVCi a duty of loyalty, which is

11

fiduciary duty that prevents a current or former employee from acting in a manner that is contrary to his employer's interest during, and subsequent to, the employment relationship.

35. That based on the foregoing, Defendant, MATHEWS aided and abetted Defendant AVI with tortuously interfering with the employment relationship between IVCi and its employees which breach, has and will continue to cause damages to IVCi.

## FOURTH CAUSE OF ACTION
### (Breach of Employment Agreement - Confidentiality)

36. The plaintiff repeats, reiterates and realleges each and every allegation contained above in paragraphs "1" through and including "35", with the same force and effect as if more fully set forth herein.

37. Based on the foregoing, Defendant, MATHEWS has violated and breached the terms and conditions of his Employment Agreement in that, among other things, he disclosed IVCi confidential information to AVI and its agents, a direct competitor of IVCi, which breach has, and will continue to cause damages to IVCi and entitles IVCi to injunctive relief against MATHEWS and AVI to prevent further disclosure of IVCi's confidential information.

38. That as a result of the foregoing, IVCi has been damaged in a sum not less than Seventy Five Thousand ($75,000.00) Dollars and entitles IVCi to injunctive relief against MATHEWS and AVI to prevent further disclosure of IVCi's confidential information.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Contractual Relations)

39. The Plaintiff repeats, reiterates and realleges each and every allegation

contained hereinabove in paragraphs "1" through and including "38", with the same force and effect as if more fully set forth herein.

40. That Defendant, MATHEWS executed valid and enforceable Employment Agreements with IVCi; that the Defendants, BUSCH and AVI had knowledge of the aforementioned agreements signed by both the former and current employees of IVCi; and the Defendants, BUSCH and AVI intentionally procured and attempted to procure the breach of said agreements by the former and current employees of IVCi.

41. As a result of the foregoing, TRITECH has sustained, and will continue to sustain, damages in the sum not less than Seventy Five Thousand ($75,000.00) Dollars.

**SEVENTH CAUSE OF ACTION**
**(Aiding and Abetting Breach of Agreement and Duty of Loyalty)**

42. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "l" through and including "41", with the same force and effect as if more fully set forth herein.

43. The Defendant, MATHEWS breached the terms and conditions of his Employment Agreement with IVCi.

44. That Defendant, MATHEWS breached his duty of loyalty owed to IVCi.

45. The Defendants, BUSCH and AVI induced, facilitated and participated in the breach by Defendant, MATHEWS of his Employment Agreement and his duty of loyalty owed to his employer IVCi, and aided and abetted in the breach of said agreement and duty owed by MATHEWS to IVCi.

46. As a result of the foregoing, IVCi has sustained, and will continue to sustain,

damages in a sum not less than Seventy Five Thousand ($75,000.00) Dollars.

## EIGHTH CAUSE OF ACTION
### (Unfair Competition)

47. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through and including "46", with the same force and effect as if more fully set forth herein.

48. That based on the foregoing, Defendant, AVI has engaged in unfair competition with IVCi and, as a proximate result of such unlawful competition, IVCi has been damaged, and will continue to sustain damages, in a sum not less than Seventy Five Thousand ($75,000.00) Dollars.

## NINTH CAUSE OF ACTION

49. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through and including "48", with the same force and effect as if more fully set forth herein.

50. Based on the foregoing, IVCi sought to protect its legitimate business interests and employee relationships by asking its employees to execute confidentiality, non-solicitation and non-competition agreements in consideration for employment by IVCi. The employment agreements facilitate the protection of IVCi's legitimate business interests, customer relationships and goodwill, as well as, protects the unlawful disclosure of confidential information. The courts will readily enforce such agreements to protect the legitimate interests of an employer when such agreements are reasonable both in time and geographic scope and do not impose an undue hardship on the employee.

51. Based on the foregoing, the breach by the Defendant, MATHEWS of his Employment Agreement and duty of loyalty, as well as, the unlawful actions of the Defendants, BUSCH and AVI, in aiding and abetting Defendant, MATHEWS and Defendants, BUSCH and AVI tortuous interference with said employment relationships entitle IVCi to an injunction against the Defendants, and any and all agents acting on their behalf, prohibiting them from further engaging in such unlawful conduct.

52. Based on the foregoing, IVCi is likely to succeed on the merits. In the event that this matter were to proceed to trial, the prospect of irreparable injury is at hand if equitable remedy is withheld and the balance of the equities weigh in favor of IVCi.

53. Based on the foregoing, IVCi is entitled to injunctive relief.

## TENTH CAUSE OF ACTION
**(Declaratory Relief)**

54. The Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "l" through and including "53", with the same force and effect as if more fully set forth herein.

55. Based on the foregoing, IVCi asks of the Court declare the rights of the parties to this action.

**WHEREFORE**, the Plaintiff, IVCi., demands judgment against the Defendants on those causes of action that seek damages in an amount not less than Seventy Five Thousand ($75,000.00) Dollars; demands this Court issue an injunction against the Defendants, MATHEWS and AVI enjoining them from disclosing IVCi's confidential

15

information; demands this Court issue an injunction against the Defendants enjoining the Defendants, MATHEWS, BUSCH and the Defendant, AVI, its agents and employees and anyone acting on their behalf, from directly or indirectly contacting, soliciting, inducing, enticing, advising or persuading (i) IVCi clients and customers to modify and/or terminate their business agreements and relationships with IVCi, (ii) IVCi employees to separate their employment with IVCi or otherwise interfering with its relationship with its employees; the Plaintiff further demands that this Court declare the rights of the parties and further that IVCi be awarded its costs, disbursements and reasonable attorneys' fees in the amount to be determined by the Court, and for such and other relief as this Court may deem just and proper.

Dated: Mineola, New York
December 2, 2018

                                                                      GALLAGHER, WALKER, BIANCO &
                                                                          PLASTARAS, LLP

                                      By:    */s/ Thomas E. Plastaras*
                                                    THOMAS E. PLASTARAS (P-3568)
                                                    Attorneys for Plaintiff
                                                    98 Willis Avenue
                                                    Mineola, New York 11501
                                                    (516) 248-2008

TO:    ROBERT MATHEWS
        1726 Rose Hedge Way NW
        Kennesaw, GA 30152

        AVI SYSTEMS, INC.
        9675 W 76th Street
        Suite 200
        Eden Prairie, MN 55344

        AVI SYSTEMS, INC.
        c/o CT Corporation System, Inc.
        120 West Sweet Avenue

Bismarck, ND 58504-5566

BRETT BUSCH
91 Fawn Place
Danville, CA 94526-560