**EXHIBIT A**



# EMPLOYEE CONFIDENTIALITY & NON-COMPETE AGREEMENT

This Agreement is made and entered into by and between Robert Mathews, residing at 1726 Rose Hedge Way NW, Kennesaw, GA 30152, ("EMPLOYEE") and IVCi, LLC, a New York corporation with its principal offices located at 601 Old Willets Path, Hauppauge, New York, 11788 ("IVCi" or "Company").

WHEREAS, EMPLOYEE desires to be employed by the Company; and

WHEREAS, the Company is willing to employ EMPLOYEE, subject to among other things, EMPLOYEE's agreement to not unlawfully compete with IVCi and not to disclose the confidential information of the Company.

NOW, THEREFORE, in consideration of the employment of EMPLOYEE by the Company, and other good and valuable consideration, the receipt and sufficiency is hereby acknowledged, the parties agree as follows:

1. **CONFIDENTIALITY**

    1.1 <u>Acknowledgment of Proprietary Interest</u>. As a result of the position which EMPLOYEE will or does occupy, EMPLOYEE will be entrusted with and have access to Confidential Information. EMPLOYEE recognizes the proprietary interest of Company in any Confidential Information of Company. As used herein, the term "Confidential Information" means all information relating to the Company and any of the Company's customers, operations, products, sales, finances, trade secrets, and business, including without limitation any information encompassed in any reports, investigations, customer lists (whether or not written) and customer information, business plans and business relationships, information about Company's suppliers and vendors, pilot projects, research or developmental work, experimental work, work in progress, drawings, designs, plans,

1

proposals, bids, requests for proposals, codes, marketing and sales programs, financial projections, financial data including sales and pricing information and all other financial data, cost summaries, pricing formula and trademarks, service marks, and all concepts or ideas, materials or information, owned possessed or controlled or related to the business of the Company, possessed or developed by EMPLOYEE in the course of his employment. Confidential Information also includes, without limitation, all information EMPLOYEE receives from third parties in the course of EMPLOYEE'S employment which is provided to EMPLOYEE in connection with EMPLOYEE'S duties for the Company. EMPLOYEE acknowledges and agrees that any and all Confidential Information of the Company learned by EMPLOYEE during the course of employment by Company or otherwise, whether developed by EMPLOYEE alone or in conjunction with others or otherwise, shall be and is the sole property of Company.

        1.2    <u>Covenant Not to Divulge Confidential Information</u>. EMPLOYEE acknowledges and agrees that Company is entitled to prevent the disclosure of Confidential Information of Company. As a portion of the consideration for the employment of EMPLOYEE and for the compensation being paid to EMPLOYEE by Company, EMPLOYEE agrees at all times during the term of EMPLOYEE'S employment by Company and thereafter to hold in strictest confidence, and not to disclose or allow to be disclosed to any person, firm or corporation, other than to persons engaged by a member of the Company, and not to use or allow to be used, except in the pursuit of the business of the Company, the Confidential Information of the Company, including without limitation, Confidential Information developed by EMPLOYEE, without the prior written consent of Company.

        1.3    <u>Return of Materials at Termination</u>. In the event of any termination of EMPLOYEE'S employment, EMPLOYEE will promptly deliver to Company all materials, property, documents, data and other information belonging to Company or pertaining to Confidential Information. EMPLOYEE shall not take or retain any materials, property, documents, data or other information, or any reproduction or excerpt thereof, belonging to the Company or containing or pertaining to any Confidential Information.

2. <u>NON-COMPETITION/NON-SOLICITATION</u>

    2.1    As a material inducement to the Company to enter into this Agreement and to employ the EMPLOYEE, EMPLOYEE agrees that EMPLOYEE shall not, during the term of EMPLOYEE's employment with the Company and for a period of one (1) year following the cessation of such employment with the Company voluntarily with or without cause, become associated with (as owner, stockholder, lender, partner, coventurer, director, officer, employee, agent, consultant or otherwise) any person, firm, corporation, association or other entity engaged in any Competitive Business. As used herein, the term "Competitive Business" means those entities listed on Schedule "A" attached hereto and made a part hereof.

    2.2    As a material inducement to the Company to enter into this Agreement and to employ the EMPLOYEE, EMPLOYEE agrees that EMPLOYEE shall not, during the term of EMPLOYEE's employment by the Company and for a period of one (1) year following cessation of such employment, do any of the following, directly or indirectly, without the prior written consent of the Company:

    a)    Influence or attempt to influence any person to either (i) terminate or modify his/her employment with the Company, (ii) solicit for employment any person employed by the Company, or (iii) employ, or otherwise retain the services of any person employed by the Company;

    b)    Influence or attempt to influence a supplier, vendor or customer, including, without limitation, any individual or corporate customer of the Company any other person or entity with whom the Company shall have dealt, to terminate or modify any written or oral agreement or course of dealing with the Company; or

    c)    Influence or attempt to influence a supplier, vendor or customer, including, without limitation, any individual or corporate customer of the Company, any recipient of Company's products, or any other person or entity with whom the Company shall have dealt, for the purpose of offering or selling any products or services which are identical, substantially similar or comparable to the services or products offered by the Company.

    2.3    EMPLOYEE acknowledges and agrees that: (i) this Section 2 is necessary for the protection of the legitimate business of the Company; (ii) the restrictive covenants set forth in this Section 2 are reasonable and valid in geographical and temporal scope and in all other respects; and (iii) EMPLOYEE has received adequate consideration for the execution, delivery and performance of this Agreement.

    3.    <u>COOPERATION</u>

    EMPLOYEE agrees that in the event of any disagreement, dispute, claim, proceeding, or legal suit between the Company, and their respective employees and former employees, and any third party, or any investigation conducted by, for, or against the Company, EMPLOYEE agrees to make himself/herself available at the Company's, or its agents and representatives request, to fully cooperate for the purpose of giving interviews, statements, depositions, hearing or trial testimony and to provide truthful and accurate testimony concerning events or matters as to which EMPLOYEE has personal knowledge and information. Company agrees to reimburse EMPLOYEE for his/her reasonable and actual out-of pocket expenses directly incurred and occasioned by such cooperation. No compensation shall be paid to EMPLOYEE for the providing of such cooperation, nor for the substance of any such knowledge or information.

    4.    <u>REMEDIES</u>

    EMPLOYEE agrees that a violation of any term, provision, covenant or condition of this Agreement will result in injury and damage to the Company that cannot be adequately compensated in money damages and that the Company will have no adequate remedy at law. In such event, the Company and EMPLOYEE agree that, in addition to any other legal and equitable remedies which the Company may have, including without limitation an award of money damages, the Company shall be entitled to temporary, preliminary and permanent restraining orders, decrees or injunctions to protect the Company against such violation and without the necessity of posting any bond or undertaking. However, nothing in this Agreement shall be construed to limit the Company's remedies for or defenses to any action, suit or controversy arising out of this

Agreement or otherwise. The Company shall recover its reasonable attorney's fees incurred by the Company to investigate, analyze, negotiate, litigate or otherwise pursue enforcement of or compliance with this Agreement and any remedies available hereunder.

### 5. GOVERNING LAW, VENUE & JURY WAIVER

This Agreement shall be interpreted, construed, governed and enforced according to the laws of the State of New York, without regard to its conflicts of laws principals. With respect to any claim, action, or proceeding ("Disputes") relating to this Agreement, each party irrevocably submits to the jurisdiction of the Supreme Court of the State of New York, County of Suffolk and the United States District Court, in and for the Eastern District of New York. EMPLOYEE waives any objection to the laying of venue in such courts, and any claim that such courts represent an convenient forum, or that such courts does not have jurisdiction over the parties hereto or claims arising hereunder. Moreover, both EMPLOYEE and Company hereby acknowledge and agree that any and all Disputes arising out of this Agreement shall be heard by the court sitting without a jury, and the parties hereto expressly WAIVE THE RIGHT TO A JURY TRIAL.

### 6. AMENDMENTS

No amendment or modification of the terms or conditions of this Agreement shall be valid unless in writing and signed by the parties hereto, except as provided in paragraph 11 herein.

### 7. SUCCESSORS AND ASSIGNS

The Company shall have the right to assign its rights and obligations under this Agreement with the consent of EMPLOYEE. EMPLOYEE shall be entitled to assign any of EMPLOYEE'S rights or obligations under this Agreement.

### 8. ENTIRE AGREEMENT

This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement.

9. **NOTICE**

Any notice, statement, report, request or demand required or permitted to be given by this Agreement shall be effective only if in writing, delivered personally or mailed by certified mail, return receipt requested, to the parties at the addresses set forth above or such other places that any party may designate by written notice to the other.

10. **TOLLING**

In the event that EMPLOYEE violates any of the provisions of this Agreement, the obligations contained in those provisions shall run from the date on which EMPLOYEE ceases to be in violation of any such provision.

11. **SEVERABILITY**

If a court of competent jurisdiction finally determines that any of the provisions of this Agreement, or any part thereof, are invalid or unenforceable for any reason, such court shall modify such provision, or any part thereof, and, in its modified form, this Agreement shall then be valid and enforceable and the remainder of the provisions of this Agreement shall not thereby be affected and shall be given full force and effect, without regard to invalid or unenforceable parts.

12. **EMPLOYMENT AT WILL**

Nothing herein shall be construed as a contract for a definite duration of employment. Unless agreed to in writing by a representative of the Company with actual authority to enter into such agreement, EMPLOYEE's employment is "at will" and may be terminated at any time for any reason by EMPLOYEE or the Company.

IN WITNESS WHEREOF, the parties have executed this Agreement on the 4th day of November, 2016.

EMPLOYEE ACKNOWLEDGES THAT EMPLOYEE HAS READ, REVIEWED AND HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT PRIOR TO EXECUTING IT AND UNDERSTANDS THAT EMPLOYEE HAS THE RIGHT TO RESCIND THE AGREEMENT WITHIN THIRTY DAYS OF EXECUTING IT BY RESIGNING FROM HIS/HER EMPLOYMENT AND THAT CONTINUING IN EMPLOYMENT BEYOND THIRTY DAYS SHALL CONSTITUTE EMPLOYEE'S RATIFICATION OF THE AGREEMENT.

Signature of EMPLOYEE

*RJBMathaus*  Digitally signed by Robert Mathews
DN: cn=Robert Mathews, o=IVCI,
ou=Engineering,
email=RMathews@IVCI.com, c=US
Date: 2016.11.04 15:40:18 -04'00'

IVCi, LLC

_____

Signature

_____

Print Name / Title

SCHEDULE A

"Competitive Business"

- AVI-SPL
- Whitlock
- Diversified Systems
- Technical Innovation
- HB Communications
- Ford Audio Video
- SKC Communications
- Video Corporation of America
- Yorktel
- Tritech Communications

The above entities also include any of their parent companies and all direct and indirect subsidiaries of the listed companies and their respective parent companies.